IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT B. ARCHIE, an individual;
U.S. SEAL INTERNATIONAL, INC.,
a Nevada corporation,

      Plaintiffs,

v.

PITCH BLACK SEAL COAT, LLC, a
Michigan limited liability company,

      Defendant.

Case No.:

Honorable

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs Robert B. Archie, an individual ("Mr. Archie"), and U.S. Seal International, Inc. ("U.S. Seal") (collectively "Plaintiffs"), and state for their Complaint against Pitch Black Seal Coat, LLC, a Michigan limited liability company ("Defendant"), the facts set forth below.  Plaintiffs demand a jury trial on all causes of action against Defendant.

### THE PARTIES

1. Mr. Archie is an individual who resides in Buffalo County, Wyoming.

2. U.S. Seal is a corporation, duly organized under the laws of the State of Nevada.  U.S. Seal has standing to bring its 15 U.S.C. 1125(a) action against Defendant because U.S. Seal has an exclusive license to use and sublicense the Pitch

Black Mark (as defined below) and is likely to be damaged by Defendant's actions stated herein.

3. Defendant is a Michigan limited liability company, formed and existing pursuant to the laws of the state of Michigan. According to the Michigan Secretary of State, Defendant's principal office address is 8426 North Black River Road, Cheboygan, Michigan 49721.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, and 1338 because Plaintiffs' claims arise under the Lanham Act, specifically 15 U.S.C. §§ 1114 and 1125.

5. Defendant is subject to personal jurisdiction in Michigan because Michigan is Defendant's state of incorporation and, upon information and belief, is the location where Defendant maintains its principal place of business.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this judicial district and subject to this Court's personal jurisdiction. Defendant engaged in trademark infringement and other Lanham Act violations in this jurisdiction.

## FACTS COMMON TO ALL COUNTS AND CAUSES OF ACTION

7. Mr. Archie is the owner of a proprietary and trade secret sealcoat formula known as "Pitch Black Formula" which is used to seal driveways, parking

lots, and other surfaces. Mr. Archie is the owner of all common law rights in trademark "Pitch Black" ("Pitch Black®" or "the Pitch Black Mark"), which he and/or his licensee have used continuously in interstate commerce since at least May of 2000 for the manufacture and sale of asphalt sealant in International Class 19. The Pitch Black Mark is protected by both the common law and U.S. Trademark Registration No. 2918882 ("'882 Reg."), a copy of which is attached hereto as **Exhibit A**.

8. Mr. Archie licenses the Pitch Black Mark, the Pitch Black Formula, and right to manufacture plants and machinery to produce the Pitch Black Formula to U.S. Seal on an exclusive basis with right to sublicense. U.S. Seal, in turn, sublicenses the Pitch Black Formula and Pitch Black Mark to third party manufacturers who manufacture and sell Pitch Black sealcoat using manufacturing plants designed and sold by Mr. Archie and U.S. Seal, in different territories throughout the United States, including Michigan. Mr. Archie has also granted U.S. Seal the right to protect and defend the Pitch Black Formula, corresponding trade secrets and agreements, and Pitch Black Mark.

9. Since the adoption of the Pitch Black Mark, hundreds of thousands of dollars have been spent advertising and promoting the Mark, and millions of dollars have been made from the use of the Mark in the United States. The Pitch Black Mark is extensively advertised and promoted on the Internet, social media, and

otherwise, and has received substantial third-party recognition and awards. A copy of [www.gopitchblack.com](www.gopitchblack.com) is attached hereto as **Exhibit B**. In addition to the Pitch Black Mark's recognition in commerce as stated above, the Mark has acquired distinctiveness by Plaintiffs' exclusive and continuous use of the Mark in commerce for over twenty-three (23) years.

10. Prior to the unauthorized and infringing use of "Pitch Black," "Pitch Black Seal Coat," and "Pitch Black Asphalt Sealcoating" (collectively the "Infringing Marks") by Defendant, the Pitch Black Mark had become recognized and relied upon by consumers as identifying the quality goods of Mr. Archie and distinguishing those goods from the goods of others. The Pitch Black Mark therefore represents the goodwill belonging exclusively to Mr. Archie.

11. Upon information and belief, commencing long after Mr. Archie's adoption and use of the Mark, Defendant commenced using the Infringing Marks in conjunction with asphalt sealcoating and related services.

12. Upon learning of Defendant's unauthorized use of the Infringing Marks, Mr. Archie, through counsel, sent Defendant a letter advising Defendant of Mr. Archie's rights in the Pitch Black Mark, and demanding that Defendant cease using the Infringing Marks for Defendant's goods and services, and any and all advertising or promotional material. Defendant has refused to comply with Mr. Archie's demands and Defendant's use of the Infringing Marks continues to this day.

13. Defendant's unauthorized use of its Infringing Marks creates a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, association, origin, sponsorship or approval of its services, all to Plaintiffs' irreparable loss and damage. Plaintiffs have been damaged by Defendant's willful misconduct in an amount according to proof.

## CLAIM I

**(Trademark Infringement - 15 U.S.C. § 1114(a))**

14. Mr. Archie repeats, realleges, and reiterates each and every paragraph set forth above as if fully set forth herein.

15. By the acts complained of herein, Defendant adopted and used the confusingly similar Infringing Mark in commerce in connection with the provision of asphalt sealcoat as well as asphalt sealcoating and related services. Through such use of the Infringing Marks, Defendant has infringed Mr. Archie's '882 Reg., and such use is likely to cause confusion, mistake and/or deception amongst the consuming public in violation of 15 U.S.C. § 1114(a).

16. Upon information and belief, Defendant has advertised and offered its goods or sale using the Infringing Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Mr. Archie's reputation and goodwill. Defendant's use of its Infringing Marks constitutes willful, deliberate, and intentional trademark infringement.

17. Defendant's unauthorized use of the Infringing Marks in commerce as described above is likely to cause consumer confusion, mistake, and/or deception and constitutes trademark infringement under 15 U.S.C. 1114(a).

18. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Mr. Archie and, unless such acts are restrained by this Court, such acts will continue and Mr. Archie will therefore continue to suffer great and irreparable injury. Mr. Archie has been damaged by Defendant's willful infringement in an amount according to proof.

## **CLAIM II**

### **(False Designation of Origin - 15 U.S.C. § 1125(a))**

19. Plaintiffs repeat, reallege, and reiterate each and every paragraph set forth above as if fully set forth herein.

20. By the acts complained of herein, Defendant has used in connection with their goods a false designation of origin, description or representation, including use of the Infringing Marks, which is likely to cause confusion, mistake or to deceive as to origin, affiliation, connection, sponsorship or association of Defendant with Plaintiffs, or as to the origin, sponsorship or approval of Defendant's goods and/or services by Plaintiffs in violation of 15 U.S.C. § 1125(a).

21. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court,

6

such acts will continue and Plaintiffs will therefore continue to suffer great and irreparable injury. Plaintiffs have been damaged by Defendant's willful unfair competition in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. That judgment be entered in favor of Mr. Archie on Claims I and II, and that the Court specifically find that Defendant engaged in trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act. Mr. Archie respectfully requests the Court enter judgment that Defendant acted willfully with respect to all violations of the Lanham Act.

2. That judgment be entered in favor of U.S. Seal on Claim II, and that the Court specifically find that Defendant engaged in false designation of origin and unfair competition in violation of the Lanham Act. U.S. Seal respectfully requests the Court enter judgment that Defendant acted willfully with respect to all violations of the Lanham Act.

3. Plaintiffs respectfully request that the Court permanently enjoin Defendant and its officers, directors, servants, agents, employees, successors and assigns, and all persons acting in concert or privity with them, enjoining each of them, singly and collectively, from: (a) using, licensing, promoting, advertising,

and/or marketing the Infringing Marks, or any name, mark or designation confusingly similar thereto, including all forms and formatives of "Pitch Black," in conjunction with the sale or application of asphalt sealcoat and related services; (b) holding themselves out to the public as being affiliated with, sponsored by, or connected with Plaintiffs in any manner, or committing any acts likely to imply any such relationship or affiliation; and (c) requiring Defendant to deliver to Plaintiffs for destruction all material in its possession, custody, or control bearing the Infringing Marks, or any other names, marks, or designations confusingly similar thereto.

4. Plaintiffs respectfully request that the Court require Defendant to provide an accounting to Plaintiffs of all monies gained from the use of the Infringing Marks and all profits earned by it since the start of its use of the Infringing Marks.

5. Plaintiffs respectfully request that the Court award it actual damages in an amount to be determined at trial, that the Court award Plaintiffs three times the amount of their actual damages, Defendant's profits over the period Defendant has used the Infringing Marks, the costs of this action, attorney's fees, and such other amounts as this Court deems just pursuant to 15 U.S.C. § 1117(a).

Plaintiffs respectfully request all such other and further relief that the Court deems proper.

                                      Respectfully submitted,

                                      VARNUM LLP

Dated:  April 17, 2024          By:  */s/ Neil E. Youngdahl*
                                                Timothy E. Eagle
                                                Neil E. Youngdahl
                                                P.O. Box 352
                                                Grand Rapids, MI 49501-0352
                                                Telephone: (616) 336-6000
                                                teeagle@varnumlaw.com
                                                neyoungdahl@varnumlaw.com

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

                                      Respectfully submitted,

                                      VARNUM LLP

Dated:  April 17, 2024          By:  */s/ Neil E. Youngdahl*
                                                Timothy E. Eagle
                                                Neil E. Youngdahl
                                                P.O. Box 352
                                                Grand Rapids, MI 49501-0352
                                                Telephone: (616) 336-6000
                                                teeagle@varnumlaw.com
                                                neyoungdahl@varnumlaw.com

Admission *pro hac* to be submitted:

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Matthew D. Francis, 6978 (NV)
  mfrancis@bhfs.com
Arthur A. Zorio, 6547 (NV)
  azorio@bhfs.com
5520 Kietzke Lane, Suite 110
Reno, Nevada  89511
(775) 324-4100